[No. 7086. Decided April 10, 1908.]

T. R. FISHER, *Respondent*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*.[1]

CARRIERS—CARRIAGE OF GOODS—STORAGE—LOSS PENDING DELIVERY —LIABILITY—WAREHOUSEMEN. A railroad company is liable, as a carrier, for goods unloaded into its warehouse and destroyed by fire, where it appears that the consignee appeared for the goods at noon on the day of their arrival, but was informed that they could probably not be delivered until the way bills were made out the next day, and they were destroyed by fire that night; since the carrier's liability does not become that of a warehouseman until the consignee has had a reasonable opportunity to remove the goods.

Appeal from a judgment of the superior court for Yakima county, Rigg, J., entered June 5, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to recover from a carrier for the loss of goods. Affirmed.

[1]Reported in 94 Pac. 1073.

*B. S. Grosscup* and *Ira P. Englehart,* for appellant.

*Snyder & Luse,* for respondent.

MOUNT, J.—This case was tried to the court without a jury. Findings were made in favor of the plaintiff, and a judgment was entered against the defendant for $368.19. The defendant appeals.

The facts are as follows: The respondent was doing business in North Yakima, in this state. In May, 1906, three boxes of merchandise, of the value of $368.19, were shipped from Portland, Oregon, over the line of the appellant, to the respondent at North Yakima. The goods arrived at North Yakima about noon on May 5, 1906. About the time the goods arrived, the plaintiff called at the depot for them. He was informed that the goods were probably in the shipment of that day, but that the way bills were not made out and would not be made out on that day. Plaintiff did not return for the goods on that day. During the afternoon the goods were unloaded from the car and placed in the warehouse of the railway company. At about eleven o'clock of that night a fire started in the warehouse known as Coffin Bros.' warehouse, about one hundred feet from the freight house of the railway company where the goods in question were stored. The North Yakima city fire department was unable to control the fire, and it spread to, and consumed, the warehouse of the railway company, and the goods stored therein were lost. It is conceded that there was no negligence on the part of the railway company. Upon these facts the appellant argues that it is liable only as a warehouseman and not as a carrier. This presents the only question in the case.

Many authorities hold that, where goods are shipped by rail and arrive at their destination and are there unloaded into a warehouse and held ready for delivery, the company's liability ceases as a common carrier, and it is thereafter liable as a warehouseman only. See note to *Denver etc. R. Co. v. Peterson,* 97 Am. St. 76, 90 (30 Colo. 77, 69 Pac. 578), where

many of the cases cited by the appellant are mentioned. But the rule is stated in note e., page 91 of the same volume, as follows:

" . . . merely placing the goods in storage at their destination does not, in our opinion, reduce the carrier's liability to that of a warehouseman. Its liability as carrier continues, according to the sounder reason and the weight of authority, until at least such time as the consignee has had a reasonable opportunity to inspect the goods and take them away in the usual course of business."

Several cases are then cited which support this rule. The author continues:

"This doctrine applies both to carriers by rail and to carriers by water. But the consignee must act with reasonable expedition. If he fails within a reasonable time and after a fair opportunity to take charge of the goods, the carrier's liability becomes that of a warehouseman only."

And many cases are cited to support this rule. We think the rule as quoted above under note e. is the rule which should apply in this case. It was substantially followed by us in *Normile v. Northern Pac. R. Co.*, 36 Wash. 21, 77 Pac. 1087, 67 L. R. A. 271. When the respondent called for his goods he was informed in substance that they could not be delivered to him until the next day. They were destroyed that night. He therefore had no opportunity to obtain the goods or to take them away before they were destroyed. Under these facts and the rule above stated, the liability of the appellant was that of a carrier and not of a warehouseman.

The judgment must therefore be affirmed.

HADLEY, C. J., CROW, FULLERTON, and ROOT, JJ., concur.